EXHIBIT D



Standard Operating Procedures

# Title IX Formal Complaint Handbook

APPROVED: March 26, 2021

# Title IX Formal Complaint Handbook
## Policy Cross Reference Sheet

This handbook is an administrative procedure of the District and subject to policies adopted by the Board of Trustees. In case of conflict between administrative procedures and Board policy, policy shall prevail.

Date of Superintendent Approval: _____ 3-26-2021

Version Number: (i.e. "2020.1") _____ 2021.02.11

The contents of this handbook relate to the following Board policies:

| Policy | Title | Page(s) |
|--------|-------|---------|
| FFH | Student Welfare – Freedom from Discrimination, Harassment and Retaliation | Throughout |
| FFI | Student Welfare – Freedom from Bullying | 6, 17 |
| DIA | Employee Welfare: Freedom From Discrimination, Harassment, and Retaliation | Throughout |

* This handbook speaks directly to Title IX Formal Complaint Procedures.

# Table of Contents

Policy Cross Reference Sheet ...................................................................................................2

Table of Contents ....................................................................................................................3

    Philosophy .........................................................................................................................4

Section 1 – Title IX Allegations of Sexual Harassment .............................................................5

    Definitions...........................................................................................................................5

    District Response to Allegations of Sexual Harassment .....................................................6

    No Bias or Conflict of Interest............................................................................................9

    Presumption of Nonresponsibility ...................................................................................10

    Formal Complaints............................................................................................................11

    Dismissal of Complaint or Allegation ...............................................................................13

    Standard of Evidence .......................................................................................................14

    Priviledged Information ....................................................................................................15

    Investigation of Formal Complaint ...................................................................................16

    Determination Regarding Responsibility ..........................................................................18

    Appeals .............................................................................................................................20

    Remedies ..........................................................................................................................22

    Informal Resolution ..........................................................................................................23

    Title IX Sexual Harassment Training .................................................................................24

    Records Retention ............................................................................................................25

    Confidentiality ..................................................................................................................26

    Required Reporting...........................................................................................................27

Section 2 – Other Title IX Allegations ....................................................................................28

    Definitions.........................................................................................................................28

    Investigation of Report ....................................................................................................29

    Initial Assessment ............................................................................................................30

    Interim Action ..................................................................................................................31

    District Investigation ........................................................................................................32

    District Action – Prohibited Conduct ................................................................................33

    Bullying .............................................................................................................................34

    District Action - Improper Conduct ..................................................................................35

    Confidentiality ..................................................................................................................36

    Appeal ..............................................................................................................................37

# INTRODUCTION

**Philosophy**
The Board believes student success is best achieved in a supportive climate and safe environment. Therefore, the District shall provide a learning environment in which all students in the school community are treated with dignity and respect.


**Note:**
Section 1 of the following procedures is intended to serve as the "grievance process" required by Title IX regulations (34 C.F.R. § 106.45) for responding to formal complaints of sexual harassment, as defined by Title IX. These procedures are designed for use in the context of allegations of sexual harassment against a student and should be reviewed in combination with FFH(LEGAL) and (LOCAL). The Title IX Coordinator maintains related forms, checklists, and templates to aide Title IX personnel in completing responsibilities outlined in these procedures.  Title IX personnel will be guided by these procedures and related documents to ensure all information is appropriately documented, provided to the parties as required, and the procedure is implemented with fidelity and in accordance with law.


Section 2 serves as the procedures for use in the context of other Title IX allegations not constituting sexual harassment against a student, and should be reviewed in combination with FFH(LEGAL) and DIA(LOCAL).

# Section 1 – Title IX Allegations of Sexual Harassment

**Definitions**

All terms in this section have the meaning as defined in FFH(LEGAL) at Response to Sexual Harassment. In addition:

1. "Coordinator" means the Title IX Coordinator, or designee, as appropriate.

2. "Complainant" means the alleged victim of conduct that could constitute sexual harassment and may include a parent acting for a student. Where the Title IX Coordinator signs a formal complaint, the Coordinator is not a complainant.

3. "Days" means District business days unless otherwise noted by the District.

4. "District" or "the District" refers to any employee or person designated to fulfill obligations under law or board policies.

5. "Education program or activity" means locations, events, or circumstances over which the District exercises substantial control over both the respondent and the context in which the alleged sexual harassment occurs.

6. "Party" or "parties" refers to the complainant and respondent. Where the Title IX Coordinator signs a formal complaint, the Coordinator is not a party.

7. "Parent" means a person defined by 34 C.F.R. § 99.3 who may act on behalf of a student unless prohibited by law or court order, including signing a formal complaint, agreeing to supportive measures, or responding to allegations in a complaint [see FL(LEGAL)].

8. "Preponderance of Evidence" is a standard of evidence meaning that a proposition is more likely than not to be true.

9. "Respondent" means the alleged perpetrator of conduct that could constitute sexual harassment and may include the parent acting on behalf of a student.

10. "Sexual harassment" refers to sexual harassment as defined by Title IX [see FFH(LEGAL)].

11. "Student" means an enrolled student or other non-employee who is participating or attempting to participate in the District's education program or activity.

12. "Title IX disciplinary sanction" means an action that is not a supportive measure as defined by 34 C.F.R. § 106.30 and is imposed against a respondent only after the District follows the Title IX formal complaint process in compliance with law and board policy. Title IX disciplinary sanctions do not include an authorized interim action or measure, and do not refer to discipline imposed on a respondent under the District's Student Code of Conduct for conduct other than sexual harassment as defined by Title IX. [See FFH(LEGAL)]

13. "Title IX personnel" includes the Coordinator and other individuals designated by the District or Coordinator to perform a role in the formal complaint process, including investigator, decision-maker, appellate decision-maker, and, if applicable, facilitator of an informal resolution process.

# DISTRICT RESPONSE TO ALLEGATIONS OF SEXUAL HARASSMENT

The District's Title IX Coordinator will respond promptly and equitably to any verbal or written report or disclosure of alleged sexual harassment received from any source, including personal observation that provides a District employee notice of the alleged conduct. The Coordinator will address anonymous reports if there is an identifiable party.

When the Coordinator determines that an allegation of sex-based harassment in a District program or activity, if proved, would meet the definition of sexual harassment under Title IX, the Coordinator will follow the procedures below. In accordance with law, the Coordinator may consolidate formal complaints or separate proceedings where allegations of sexual harassment arise out of the same facts or circumstances.

For all other allegations, the Title IX Coordinator will follow the applicable District policy and procedures, including FFH, as applicable, for Investigations of Reports Other Than Title IX, FFI regarding bullying, DH for employee standards of conduct, or the Student Code of Conduct. Concurrent with a Title IX formal complaint process, the District may implement discipline in accordance with board policies and the Student Code of Conduct for prohibited conduct other than sexual harassment as defined by Title IX.

**Initial Response**
Upon receipt of a report alleging sexual harassment, the District's Title IX Coordinator or designee will promptly contact the complainant, when identified, to offer supportive measures and interact with the complainant to:

      (1)  Provide information about supportive measures;

      (2)  Discuss the availability of supportive measures;

      (3)  Consider the complainant's wishes concerning supportive measures;

      (4)  Explain to the complainant the process for filing a formal complaint under Title IX; and

      (5)  Provide each complainant with a copy of the District's Title IX formal complaint process.

The Title IX Coordinator will document whether a complainant elects to accept or decline, preferably in writing, the supportive measure or measures offered.

The Title IX Coordinator's initial response and interaction may be directed solely at the parent of the alleged victim, when appropriate based on the circumstances.

The District's Title IX Coordinator or designee will promptly inform the Superintendent of any formal Title IX complaint alleging sexual harassment.

**Equitable Treatment**
The District's treatment of complainants, respondents, witnesses, and any other person involved in a formal complaint process will not discriminate on the basis of sex. All parties involved will be treated fairly, with dignity, respect, and sensitivity and without bias, prejudice, or reliance on stereotypes.

**Supportive Measures**
The Title IX Coordinator is responsible for effective implementation of supportive measures and will serve as the point of contact for any questions or concerns related to supportive measures.

Supportive measures must be offered to a complainant and, as appropriate, also to a respondent. Supportive measures must be offered regardless of whether a formal complaint is initiated, or whether the complainant participates in the formal complaint process. A complainant is not required to show proof of allegations to receive supportive measures and is not required to accept supportive measures.

Supportive measures will be individualized, non-punitive, offered without fee or charge, and will not unreasonably burden either party. Supportive measures may include services, as reasonably available, designed to protect the safety of all parties or the District's educational environment or to deter sexual harassment. The District is not required to offer or provide supportive measures to unidentified parties.

Examples of supportive measures may include:

- counseling about inappropriate behavior and educational conversations;

- explaining to a respondent in detail the District's anti-sexual harassment policy and expectations of appropriate conduct;

- temporarily sending a student to the principal's office;

- changing seating assignments or class assignments;

- providing other counseling;

- extending of deadlines or other course-related adjustments, including retaking exams or completing makeup work;

- implementing mutual or unilateral restrictions on contact between parties (i.e. stay-away agreement);

- identifying specific campus employees to serve as regular points of contact for each party;

- modifying class or activity schedules;

- escorting parties when on campus;

- transfer to another campus;

- increasing security and monitoring of certain areas of the campus; or

- other similar measures designed to help a student stay in school and on track academically, protect the safety of a student, or deter sexual harassment.

**Emergency Removal**
In accordance with law, the District has the right to remove a student respondent from the District's education program or activity when the District determines, based on an individualized safety and risk analysis, that removal is justified due to an immediate threat to the physical health or safety of any student or other individual, including either of the parties in a formal complaint, arising from the allegations of sexual harassment. The District will provide notice of removal to the respondent. The removal may continue for the duration of an ongoing threat. [See FFB]
Removal under this provision must comply with all due process requirements under law and policy, including the Individuals with Disabilities Education Act (IDEA) and Section 504.

**Post-Removal Challenge**
Immediately following the emergency removal, the District will provide the respondent with an opportunity to challenge the decision in accordance with the applicable board policy or the Student Code of Conduct. [See FO series]

**Administrative Leave**

Title IX and these procedures do not restrict the District's right to place an employee respondent on administrative leave pending an investigation.

# NO BIAS OR CONFLICT OF INTEREST

All Title IX personnel must serve impartially and free from conflicts of interest or bias against the individual complainant and respondent involved in a formal complaint or against complainants and respondents generally.

For the purpose of the District's response to allegations of sexual harassment, including the formal complaint process, bias includes but is not limited to bias against an individual's sex, race, ethnicity, sexual orientation, gender identity, disability or immigration status, or financial ability.

# PRESUMPTION OF NONRESPONSIBILITY

All District actions must presume that the respondent is not responsible for the alleged conduct until after a final determination in a formal complaint process. In a formal complaint process, a respondent may face Title IX disciplinary sanctions for sexual harassment only after a fair process determines responsibility. However, even if a Title IX formal complaint is not filed or signed, the District may investigate and respond to prohibited conduct in accordance with board policies and the Student Code of Conduct.

# FORMAL COMPLAINTS

A formal complaint may be filed with the District's Title IX Coordinator by using a form provided by the District or in accordance with requirements of FFH(LEGAL) at Definitions, Formal Complaint. If the Title IX Coordinator determines that the law requires the District to initiate an investigation under a formal complaint process, the Coordinator may, without consent of a complainant, sign a written complaint to initiate the process. A complainant is not required to participate in the formal complaint signed by a Coordinator but will retain all the rights of a complainant in the process.

Copies of any documents that support the complaint should be attached to the complaint.

In accordance with law and policy, the Title IX Coordinator will coordinate the assignment of duties to ensure that all obligations under Title IX are completed in a timely manner.

**Time Frame for Formal Complaint Process**
Absent good cause for the District to delay an investigation, the Title IX formal complaint process beginning with filing or signing of the formal complaint and ending with the determination of responsibility should be completed within 60 days. Days used for any voluntary informal resolution process do not count towards the time frame for concluding the formal complaint process.

**Modifying Time Frames**
In calculating timelines under this regulation, the day a document is filed is "day zero" and the next District business day is "day one."
All time limits will be strictly followed unless modified by the parties' mutual written consent or extended by the District for good cause. If the District grants an extension of time for one party, the same time extension must also be granted to the other party.

If the District temporarily delays or extends timelines associated with the formal complaint process, the Title IX Coordinator will provide a written explanation to the parties of the good cause basis for the delay or extension. Permissible modifications to timelines include the absence of a party, a party's advisor, or a witness; concurrent law enforcement activity; the need for language assistance or accommodation of disabilities; or other good cause as determined by the Title IX Coordinator.

The District will make reasonable attempts to schedule meetings at a time mutually agreeable to all parties. However, extensions should not unnecessarily extend the timeline established below for concluding the formal complaint process.

**Notice of Allegations**
Upon receipt of a formal complaint, the Title IX Coordinator will provide written notice to the complainant and respondent about the allegations of sexual harassment and allow sufficient time for the parties to prepare a response before any initial interview with the assigned investigator. This notice must contain the following:

- Allegations of potential sexual harassment as defined by law, including sufficient details known at the time such as identity of parties, alleged conduct, and date(s) and location(s) of alleged incident(s);

- A statement that the District, by law, must presume that the respondent is not responsible for the alleged conduct and that a determination regarding responsibility will be made at the conclusion of the formal complaint process;

- Notification that each party may choose an advisor of choice who may be, but is not required to be, an attorney;

- The right of each party to inspect and review evidence under section 34 C.F.R. § 106.45(b)(5)(vi);

- The standard of evidence that will be used [see FFH(LOCAL)];

- Notification about the District's Title IX formal complaint process, including procedures for informal resolution and appealing the final determination; and

- Any provision of a District code of conduct that prohibits knowingly making false statements or knowingly submitting false information during the formal complaint process.

The Title IX Coordinator may attach a copy of Policy FFH to the Notice of Allegations.

# DISMISSAL OF COMPLAINT OR ALLEGATION

Upon dismissal of a formal complaint or an allegation therein, the Coordinator will promptly provide written notification to both parties. Dismissal of an allegation or allegations does not preclude action under another provision of the code of conduct.

**Mandatory Dismissal**
A formal complaint or allegation must be dismissed as required by law when the allegation(s), if proved:

- Would not meet the definition of sexual harassment under 34 C.F.R. § 106.30(a);

- Did not occur against a person in the United States; or

- Did not occur in the District's education program or activity.

**Discretionary Dismissal**
A formal complaint may be dismissed for the following reasons:

- If, at any time, a complainant notifies the Title IX Coordinator in writing that the complainant would like to withdraw the formal complaint or any allegations in the complaint;

- If the respondent is no longer enrolled or employed by the District;

- If specific circumstances prevent the District from gathering evidence sufficient to reach a determination as to the formal complaint or allegations therein; or

- If the complainant no longer has any involvement with the District.

**Appeal of Complaint Dismissal**
In accordance with law and local policy, the complainant may appeal the written dismissal of a formal complaint or any allegations therein on the following bases:

- Procedural irregularity that affected the outcome of the matter;

- New evidence that was not reasonably available at the time the determination regarding responsibility or dismissal was made and that could affect the outcome of the matter; or

- The Title IX Coordinator, investigator, or decision-maker had a conflict of interest or bias for or against complainants or respondents generally or the individual complainant or respondent that affected the outcome of the matter.

Title IX does not require the District to accept appeals based on any other reasons.

To initiate an appeal, a complainant must follow the procedures below at Appeal Procedures.

# STANDARD OF EVIDENCE

Title IX requires the District to adopt a standard of evidence that will be used to determine responsibility for all formal complaints of sexual harassment. The District uses the **preponderance of evidence** standard of evidence to determine responsibility unless stated otherwise in FFH(LOCAL).

**Objectivity**
When evaluating relevant evidence, whether the evidence is inculpatory (serving to show responsibility) or exculpatory (serving to clear of responsibility), an investigator and decision-maker must remain objective. Credibility determinations may not be based on an individual's status as a complainant, respondent, or witness.

# PRIVILEDGED INFORMATION

The District will ensure the grievance process respects information protected by legally recognized privilege (i.e., attorney-client, doctor-patient, spousal privilege, priest-penitent). The District cannot require, allow, rely upon, or otherwise use questions or evidence that constitute or seek disclosure of, information protected under a legally recognized privilege, unless the person holding such privilege has waived the privilege and consents to use for the purpose of the formal complaint process.

# INVESTIGATION OF FORMAL COMPLAINT

The Title IX Coordinator may serve as an investigator, appoint a trained District employee to serve as an investigator, or, in consultation with the Superintendent, appoint an external investigator, to investigate the allegations in a formal complaint. The burden of proof and burden of gathering evidence sufficient to reach a determination regarding responsibility rests with the District and not with the parties. All allegations in a formal complaint will be investigated.

Absent good cause, the investigation should be completed within 30 days from the date that the formal complaint was signed or filed; however, the investigator may take additional time in accordance with law, board policy, or these procedures.

**Gathering Evidence**
After receiving the written complaint, the investigator will meet promptly with each party to conduct initial interviews, gather information, and collect evidence. While the District has the burden of proof for determining responsibility, the parties may submit evidence, testimony, witnesses, or other information that they wish the investigator to consider. Parties may also present fact and expert witness testimony in the form of written statements. Any deadlines or other restrictions related to the formal complaint process must apply equally to both parties. The investigator must provide to any party whose participation is invited or expected, written notice of the date, time, location, participants, and purpose of any investigative interview or other meetings, with sufficient time for the party to prepare to participate.

**Advisors**
Each party may be accompanied by an advisor of the party's choice during the interview with the investigator or other meetings during the formal complaint process.  An advisor may accompany the party to the interview to observe the process. However, the party is expected to respond to questions directly, as developmentally appropriate. An advisor may not question the party, others, or the investigator.

**Confidentiality**
In order to preserve the confidentiality of student information protected by the Family Educational Rights and Privacy Act (FERPA), the District may require the parent of a minor student to sign a release form indicating consent to allow the District to release information related to the allegations to the designated advisor. [See FL.] In addition, the District will inform any designated advisors that confidential information received during the Title IX formal complaint process, including the evidence received for inspection and review as well as the investigation report, may be used only for purposes of the Title IX formal complaint process and may not be further disclosed or disseminated. Any restriction or requirement regarding an advisor must apply equally to all parties.

**Inspection of Evidence**
In order to afford each party the opportunity to respond meaningfully to the evidence prior to the conclusion of the investigation, the investigator will make available evidence submitted by the parties or obtained as part of the investigation that is directly related to the allegations raised in a formal complaint to both parties for inspection and review. This includes evidence upon which the District's decision-maker may choose not to rely when reaching a determination regarding responsibility, as well as inculpatory or exculpatory evidence.

Prior to completion of the investigative report, the investigator will send to each party and the party's advisor, if any, the evidence subject to review and inspection in an electronic format or hard copy. As

required by law, each party must be allowed 10 days from the date of receipt of the evidence to inspect and review the evidence, and to submit a written response that the investigator will consider when completing the final investigative report.  An investigator may, but is not required, to consider a written response submitted after the 10 days have expired.

**Investigation Report**

The investigative report will fairly summarize all relevant evidence and may include the following content:

- Identification of the allegations potentially constituting sexual harassment;

- Any procedural steps taken by Title IX personnel from the receipt of the formal complaint through the conclusion of the investigation, including any notifications to the parties, interviews, site visits, and methods used to gather evidence;

- Responses of each party to the allegations in the formal complaint;

- Evidence obtained by the District;

- Relevant evidence considered by the investigator;

- The parties' responses to the evidence after review and inspection;

- Findings of fact; and

- Identification of any District policies or codes of conduct implicated by the facts, including referrals to FFH for Investigations for Reports Other Than Title IX, FFI, or other District processes initiated as a result of the investigation

The investigator will simultaneously provide the investigation report to both parties. The investigator also will send a copy of the investigation report to the Title IX Coordinator, who immediately will assign a decision-maker and provide the decision-maker with a copy of the investigation report.

# DETERMINATION REGARDING RESPONSIBILITY

A decision-maker designated by the Title IX Coordinator will make an independent determination regarding a respondent's responsibility for alleged sexual harassment. The decision-maker cannot be the District's Title IX Coordinator or the investigator who investigated the complaint at issue.

In accordance with law, the determination of responsibility may not be issued earlier than 10 days from the date the parties received the final investigation report from the investigator.

After both parties have received the investigative report and prior to a determination regarding responsibility, the decision-maker will notify each party of the opportunity to submit written, relevant questions that a party wants asked of any party or witness noted in the investigation report. The decision-maker will ensure that questioning is relevant, respectful, and non-abusive. In order to maintain a reasonably prompt timeline, the decision-maker may give addressed parties or witnesses a reasonable and equitable deadline to provide answers in response. In consultation with the Title IX Coordinator, the decision-maker may also extend the timeline for good cause. A party or witness is not required to respond to any questions posed by the other party. As determined by the decision-maker, the parties may reasonably exchange additional, limited follow-up questions.

**Prior Sexual Behavior**
In reaching a final determination, the decision-maker will not consider relevant any questions and evidence about the complainant's sexual predisposition or prior sexual behavior, unless such questions and evidence about the complainant's prior sexual behavior are offered to prove that someone other than the respondent committed the conduct alleged by the complainant, or if the questions and evidence concern specific incidents of the complainant's prior sexual behavior with respect to the respondent and are offered to prove consent to sexual contact.
The decision-maker must explain to the party proposing the questions any decision to exclude a question as not relevant.

**Written Determination**
The decision-maker will issue a determination regarding responsibility for the alleged conduct in a reasonably prompt manner after the date all questions, answers, and supporting documentation were requested to be submitted to the decision-maker. Absent good cause for the District to delay an investigation, the decision-maker will issue the written determination of responsibility within the time frame specified above at Time Frame for Formal Complaint Process.
The written determination of responsibility will include:

- Identification of the allegations potentially constituting sexual harassment;

- A description of the procedural steps taken from the receipt of the formal complaint through the determination, including any notifications to the parties, interviews with parties and witnesses, site visits, and methods used to gather other evidence;

- Findings of fact supporting the determination;

- Conclusions regarding the application of the District's applicable code of conduct or other policy to the facts;

- A statement of, and rationale for, the result as to each allegation, including a determination regarding responsibility, any Title IX disciplinary sanctions the District will impose on the

respondent, and whether remedies designed to restore or preserve equal access to the District's education program or activity will be provided to the complainant; and

- The procedures and permissible bases for the complainant and respondent to appeal the determination.

The determination of responsibility, and any recommended Title IX disciplinary sanctions, is not final and may not be implemented until after the period for appeal has ended.

# APPEALS

In accordance with law and local policy, either party may appeal the written determination regarding responsibility or a dismissal of a formal complaint or any allegations therein on the following bases:

- Procedural irregularity that affected the outcome of the matter;

- New evidence that was not reasonably available at the time the determination regarding responsibility or dismissal was made, that could affect the outcome of the matter; or

- The Title IX Coordinator, investigator, or decision-maker had a conflict of interest or bias for or against complainants or respondents generally or the individual complainant or respondent that affected the outcome of the matter.

Title IX does not require the District to accept appeals based on any other reasons.

**Appeal Procedures**
To initiate an appeal, a party must file a written request for appeal with the Title IX Coordinator within 10 days of a party's receipt of the final determination.
The Title IX Coordinator will review the request and assign an appropriate appellate decision-maker in compliance with law and policy. If the reason for appealing the dismissal or determination of responsibility is not mandatory, the District may dismiss the appeal.

If the request for an appeal is not dismissed, the Coordinator will designate an appellate decision-maker to proceed. The appellate decision-maker may not be the same person as the decision-maker that reached the determination regarding responsibility or dismissal, the investigator who investigated the complaint at issue, or the Title IX Coordinator.

The Title IX Coordinator will notify the non-appealing party in writing when an appeal is filed and implement appeal procedures equally for both parties. Both parties will be provided a reasonable, equal opportunity to submit a written statement in support of, or challenging, the dismissal of a formal complaint or determination of responsibility.

**District Response to Appeal of Complaint Dismissal**
In an appeal of dismissal of a complaint or any allegation therein, the District's designated appellate decision-maker will review the request for appeal and issue a written decision explaining why the appeal of the dismissal is granted or denied. The appellate decision-maker may not be the Title IX Coordinator, the investigator, or the decision-maker assigned to the complaint or allegation at issue.
The written decision of the appellate decision-maker will provide the rationale for the District's response to the complainant's appeal of the District's dismissal of a formal complaint or any allegation therein. The decision will either instruct the Title IX Coordinator to resume implementation of the Title IX formal complaint process or will inform the appealing party of additional options. A copy of this written response will be provided simultaneously to both parties.

**Effect of Appeal of Determination of Responsibility**
If an appeal regarding the determination of responsibility is filed, the determination does not become final, and the District may not proceed with administering Title IX disciplinary sanctions or remedies based on the determination, until the date that the District provides both parties with the written result of the appeal.

If an appeal is not filed, the determination of responsibility becomes final on the date on which an appeal

of the determination would no longer be considered timely.

For an appeal by either party to be fully effective, the District must wait to act on the determination regarding responsibility while maintaining the status quo between the parties through supportive measures designed to ensure equal access to education.

**District Response to Appeal of Determination**
The written decision of the appellate decision-maker will describe the result of the appeal of the determination regarding responsibility and the rationale for the result. A copy of the written decision of appeal must be provided simultaneously to both parties.

Once an appellate decision-maker issues a written decision regarding the appeal of the determination of responsibility, the District will proceed with implementing Title IX disciplinary sanctions or remedies or take other appropriate action.

# REMEDIES

If a respondent has been determined through the formal complaint process to be responsible for the alleged sexual harassment, the District must provide remedies to the complainant that are designed to restore or preserve the complainant's equal access to the District's educational programs and activities. The Title IX Coordinator is responsible for effective implementation of remedies.

In addition to the individualized services described in this regulation as supportive measures, remedies may include, but are not limited to, the following sanctions or measures:

- Suspension

- Transfer to an open campus

- Expulsion

- Any disciplinary measure provided by the District's Student Code of Conduct

Remedies need not be non-disciplinary, non-punitive, or avoid burdening the respondent.

# INFORMAL RESOLUTION

If a formal complaint has been filed, other than a complaint alleging sexual harassment of a student by an employee, and prior to reaching a determination regarding responsibility, the Title IX Coordinator may offer but may not require a party to participate in a voluntary informal resolution process, such as mediation.

In addition, either party may request informal resolution by making a written request to the Title IX Coordinator, who will promptly notify the other party of this request. The other party is not required to agree to participate. If a party declines or at any time withdraws from an informal resolution process, the Coordinator will notify the other party that the informal resolution process has been terminated and resume the formal complaint process.

Prior to facilitating or designating another person to facilitate the informal resolution process, the Title IX Coordinator will provide both parties written notice that contains at least the following information:

1. Provide to the parties a written notice disclosing:

   - the allegations;

   - the requirements of the informal resolution process including the circumstances under which it precludes the parties from resuming a formal complaint arising from the same allegations; provided, however, that at any time prior to agreeing to a resolution, any party has the right to withdraw from the informal resolution process and resume the grievance process with respect to the formal complaint; and

   - any consequences resulting from participating in the informal resolution process, including the records that will be maintained or could be shared.

2. Obtain the parties' voluntary, written consent to the informal resolution process.

# TITLE IX SEXUAL HARASSMENT TRAINING

The District will provide all Title IX personnel, including the Title IX Coordinator, investigators, decision-makers, and any person designated to facilitate an informal resolution process, training necessary to perform their duties, including: the definition of sexual harassment under Title IX; the scope of the District's education program or activity; as applicable to assigned duties, how to conduct an investigation and the formal complaint process including overseeing exchange of questions and answers, appeals procedures, and informal resolution procedures; and how to serve impartially, including by avoiding prejudgment of the facts at issue, conflicts of interest, and bias.

For investigators, training must also include: issues of relevance to create an investigative report that fairly summarizes relevant evidence, including when questions and evidence about the complainant's sexual predisposition or prior sexual behavior are not relevant.

For decision-makers, training must also include: issues of relevance of questions and evidence, including when questions and evidence about the complainant's sexual predisposition or prior sexual behavior are not relevant.

The District may choose any training program so long as training materials do not rely on sex stereotypes and promote impartial investigations and adjudication of complaints.

Non-District employees who are designated to fulfill Title IX obligations may be responsible for costs of securing required training unless otherwise provided by the District.

# RECORDS RETENTION

Records related to the District's entire response and process related to an allegation of sexual harassment must be maintained in accordance with the District's records control schedules or a minimum of seven years, whichever is longer. The District will direct all assigned Title IX personnel to comply with this recordkeeping requirement. [See FFH(LEGAL)]

# CONFIDENTIALITY

The District must keep information confidential as required by law except as necessary to provide supportive measures, to conduct proceedings under the formal complaint process, when disclosure is required by law, or when permitted by the District in compliance with the Family Educational Rights and Privacy Act (FERPA) and state law, or to otherwise carry out the purposes of 34 C.F.R. Part 106. However, the District may not restrict the ability of the parties to discuss the allegations under investigation or to gather and present relevant evidence.

A complainant's identity, if known, must be disclosed to the respondent once a formal complaint is filed by a complainant or signed by the Title IX Coordinator.

# REQUIRED REPORTING

At any point during a District's investigation that evidence is uncovered that requires reporting to law enforcement, Child Protective Services, State Board of Educator Certification, or another entity, District employees must take the necessary actions to do so in compliance with law or board policy.

---

**Note:**    **Information regarding** Superintendent Reporting Requirements **can be found on TEA's website.**

---

# Section 2 – Other Title IX Allegations

**Definitions**

All terms in this section have the meaning as defined in FFH(LOCAL) and FFH (LEGAL). In addition:

The term "prohibited conduct" includes discrimination, harassment, dating violence, and retaliation as defined by FFH(LOCAL), even if the behavior does not rise to the level of unlawful conduct.

The term "District official" shall mean the Title IX coordinator, the ADA/Section 504 coordinator, or the Superintendent.

# Investigation of Report

The following procedures apply to all allegations of prohibited conduct other than allegations of harassment prohibited by Title IX. [See FFH(LEGAL)] For allegations of sex-based harassment that, if proved, would meet the definition of sexual harassment under Title IX, including sexual harassment, gender-based harassment, and dating violence, see the procedures above at Section 1.

The District may request, but shall not require, a written report. If a report is made orally, the District official shall reduce the report to written form.

# Initial Assessment

Upon receipt or notice of a report, the District official shall determine whether the allegations, if proved, would constitute prohibited conduct as defined by policy FFH(LOCAL). If so, the District official shall immediately undertake an investigation, except as provided below at Criminal Investigation.

If the District official determines that the allegations, if proved, would not constitute prohibited conduct as defined by FFH(LOCAL), the District official shall refer the complaint for consideration under FFI(LOCAL).

# Interim Action

If appropriate and regardless of whether a criminal or regulatory investigation regarding the alleged conduct is pending, the District shall promptly take interim action calculated to address prohibited conduct or bullying prior to the completion of the District's investigation.

# District Investigation

The Title IX Coordinator shall identify and assign an Investigator. The investigation may be conducted by the District official or a designee, such as the campus principal, or by a third party designated by the District, such as an attorney. When appropriate, the principal shall be involved in or informed of the investigation.

The investigation may consist of personal interviews with the person making the report, the person against whom the report is filed, and others with knowledge of the circumstances surrounding the allegations. The investigation may also include analysis of other information or documents related to the allegations.

**Criminal Investigation**

If a law enforcement or regulatory agency notifies the District that a criminal or regulatory investigation has been initiated, the District shall confer with the agency to determine if the District investigation would impede the criminal or regulatory investigation. The District shall proceed with its investigation only to the extent that it does not impede the ongoing criminal or regulatory investigation. After the law enforcement or regulatory agency has finished gathering its evidence, the District shall promptly resume its investigation.

**Concluding the Investigation**

Absent extenuating circumstances, such as a request by a law enforcement or regulatory agency for the District to delay its investigation, the investigation should be completed within ten District business days from the date of the report; however, the investigator shall take additional time if necessary to complete a thorough investigation.

The investigator shall prepare a written report of the investigation. The report shall include a determination of whether prohibited conduct or bullying occurred. The report shall be filed with the District official overseeing the investigation.

**Notification of Outcome**

Notification of the outcome of the investigation shall be provided to both parties in compliance with FERPA.

# District Action – Prohibited Conduct

If the results of an investigation indicate that prohibited conduct occurred, the District shall promptly respond by taking appropriate disciplinary action in accordance with the Student Code of Conduct and may take corrective action reasonably calculated to address the conduct.

**Corrective Action**

Examples of corrective action may include, but are not limited to, a training program for those involved in the report, a comprehensive education program for the school community, counseling to the victim and the student who engaged in prohibited conduct, follow-up inquiries to determine if any new incidents or any instances of retaliation have occurred, involving parents and students in efforts to identify problems and improve the school climate, increasing staff monitoring of areas where prohibited conduct has occurred, and reaffirming the District's policy against discrimination and harassment.

# Bullying

If the results of an investigation indicate that bullying occurred, as defined by FFI, the District official shall refer to FFI for appropriate notice to parents and District action. The District official shall refer to FDB for transfer provisions.

# District Action - Improper Conduct

If the investigation reveals improper conduct that did not rise to the level of prohibited conduct or bullying, the District may take disciplinary action in accordance with the Student Code of Conduct or other corrective action reasonably calculated to address the conduct.

# Confidentiality

To the greatest extent possible, the District shall respect the privacy of the complainant, persons against whom a report is filed, and witnesses. Limited disclosures may be necessary in order to conduct a thorough investigation and comply with applicable law.

# Appeal

A student or parent who is dissatisfied with the outcome of the investigation may appeal through FNG(LOCAL), beginning at the appropriate level. A student or parent shall be informed of his or her right to file a complaint with the United States Department of Education Office for Civil Rights.